UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PYM
3793 Westhill Road
Painted Post, NY 14870

                                      Plaintiff,

-against-

XIU-JIE WANG, M.D.
972 Camino Del Sol
Riverside, CA 92508;

DANIELLE PIGNERI, M.D.
2518 North Street, Apt. 2
Sacramento, CA 95816;

THE GUTHRIE CLINIC, by and through its officers,
agents and/or employees
One Guthrie Square
Sayre, PA 18840;

THE ROBERT PACKER HOSPITAL, by and through its
officers, agents and/or employees
Guthrie Square
Sayre, PA 18840; and

GUTHRIE MEDICAL GROUP, P.C., by and through its
officers, agents and/or employees
One Guthrie Square
Sayre, PA 18840,

                                       Defendants.

**COMPLAINT AND JURY DEMAND**

Civil Action No.

4:17-CV-832

FILED
SCRANTON

MAY 1 1 2017

PER _____
      DEPUTY CLERK

Plaintiff, RONALD PYM, by his attorneys, Cozen O'Connor, complaining of the Defendants, alleges as follows:

### NATURE OF ACTION

1. This case involves a claim of medical malpractice, namely, that

Defendants were negligent in performing a carotid endarterectomy on Plaintiff on May 13, 2015.

## PARTIES

2. The Plaintiff is a citizen of the State of New York, County of Steuben, and resides at 3793 Westhill Road, Painted Post, New York 14870.

3. At all times relevant to this Complaint, the Defendant, XIU-JIE WANG, M.D. ("Wang"), was a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, and is now a citizen of the State of California residing at 972 Camino Del Sol, Riverside, California.

4. At all times relevant to this Complaint, the Defendant, DANIELLE PIGNERI, M.D. ("Pigneri"), was a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania, and is now a citizen of the State of California residing at 2518 North Street, Apartment 2, Sacramento, California.

5. At all times relevant to this Complaint, the Defendant, THE GUTHRIE CLINIC ("The Guthrie Clinic"), was and is a Pennsylvania corporation, with a principal place of business and office facility located at One Guthrie Square, Sayre, Pennsylvania 18840. Defendant The Guthrie Clinic is a citizen of the Commonwealth of Pennsylvania.

6. At all times relevant to this Complaint, the Defendant, GUTHRIE MEDICAL GROUP, P.C. ("Guthrie Medical Group"), was and is a subsidiary of The Guthrie Clinic, a Pennsylvania corporation authorized to do business in New York State, with a principal place of business and office facility located at One Guthrie Square, Sayre, Pennsylvania 18840. Defendant Guthrie Medical Group is a citizen of the Commonwealth of Pennsylvania.

7. At all times relevant to this Complaint, the Defendant, THE ROBERT PACKER HOSPITAL ("Robert Packer Hospital"), was and is a subsidiary of The

Guthrie Clinic, a Pennsylvania corporation, with a principal place of business and office facility located at One Guthrie Square, Sayre, Pennsylvania 18840. Defendant Robert Packer Hospital is a citizen of the Commonwealth of Pennsylvania.

8. Upon information and belief, at all times relevant, Wang and Pigneri were acting within the scope of and pursuant to their duties as officers, agents, and/or employees of The Guthrie Clinic, Robert Packer Hospital and/or the Guthrie Medical Group, P.C.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this case since the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000 (Seventy-five thousand dollars).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since the acts or omissions giving rise to the Plaintiff's claims occurred within the area comprising of the United States District Court for the Middle District of Pennsylvania.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11. On May 13, 2015, Plaintiff underwent a surgical procedure known as a carotid endarterectomy at Robert Packer Hospital.

12. The surgery was performed by Defendants Wang and Pigneri.

13. During the surgery, Plaintiff suffered serious injury to his cranial nerve.

14. Upon information and belief, and at all times relevant to this Complaint and specifically on May 13, 2015, Plaintiff was a patient of Wang and Pigneri, thereby creating a physician-patient relationship.

15. At all times relevant to this Complaint, Wang and Pigneri held themselves out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to Plaintiff that they were knowledgeable, qualified and competent to perform a carotid endarterectomy.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 as if set forth in full here.

17. Upon information and belief, the Defendants negligently, carelessly and without regard for the health and well-being of Ronald Pym, treated Ronald Pym in a manner which resulted in severe and permanent bodily injury, including improperly performing a carotid endarterectomy on May 13, 2015.

18. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Ronald Pym has suffered severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and distress, and loss of earnings.

19. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Ronald Pym has incurred medical bills, prescription bills, and rehabilitation bills for his medical care and treatment.

20. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Ronald Pym, has and will have in the future significant ongoing medical complications that will limit his activities of daily living, cause him significant pain and suffering, loss of enjoyment of

life, mental anguish and distress, loss of earnings, medical bills, prescription bills and rehabilitation bills.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants in an amount in excess of $75,000 together with prejudgment interest and the costs of prosecuting this action.

## AS AND FOR PLAINTIFF'S SECOND
## CAUSE OF ACTION

21. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 as if set forth in full here.

22. Upon information and belief, the Defendants failed to obtain the informed consent of Ronald Pym.

23. Upon information and belief, as a direct and proximate result of the acts of omission and/or commission of the Defendants, Ronald Pym did not give his informed consent with respect to the course of care and treatment provided to him.

24. Upon information and belief, a reasonable prudent person in the position of Ronald Pym would not have undergone the treatment or diagnosis provided by the Defendants if fully informed, and the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought.

25. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Ronald Pym has suffered severe and permanent pain and suffering, loss of enjoyment of life, mental anguish and distress, and loss of earnings.

26. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Ronald Pym has

incurred medical bills, prescription bills, and rehabilitation bills for his medical care and treatment.

27. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, Ronald Pym, has and will have in the future significant ongoing medical complications that will limit his activities of daily living, cause him significant pain and suffering, loss of enjoyment of life, mental anguish and distress, loss of earnings, medical bills, prescription bills and rehabilitation bills.

**WHEREFORE**, the Plaintiff hereby demands judgment against the Defendants in an amount in excess of $75,000 together with prejudgment interest and the costs of prosecuting this action.

Dated: May 10, 2017

**COZEN O'CONNOR**

By: Christopher C. Fallon, Jr., Esq.
*Attorney for Plaintiff*
200 Four Falls Corporate Center
Suite 400
W. Conshohocken, PA 19428
Tel: (215) 665-2036
email: cfallon@cozen.com

Of Counsel:

Adam P. Mastroleo, Esquire
1600 AXA Tower II
120 Madison Street
Syracuse, NY 13202
(315) 422-3466

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PYM
3793 Westhill Road
Painted Post, NY 14870

                                  Plaintiff,

-against-

XIU-JIE WANG, M.D.                            Civil Action No.
972 Camino Del Sol
Riverside, CA 92508;

                                                  4:17-cv-832

DANIELLE PIGNERI, M.D.
2518 North Street, Apt. 2
Sacramento, CA 95816;

                                                       FILED
                                                    SCRAN---

THE GUTHRIE CLINIC, by and through its officers,
agents and/or employees                                 MAY 1 1 2017
One Guthrie Square
Sayre, PA 18840;                                                  PER _____
                                                                  DEPUTY CLERK

THE ROBERT PACKER HOSPITAL, by and through its
officers, agents and/or employees
Guthrie Square
Sayre, PA 18840; and

GUTHRIE MEDICAL GROUP, P.C., by and through its
officers, agents and/or employees
One Guthrie Square
Sayre, PA 18840,

                                                   Defendants.

## CERTIFICATE OF MERIT

I, Christopher C. Fallon, Jr., counsel for the Plaintiff in this matter, certify that an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm that is the subject of the Plaintiff's Complaint in this case.

COZEN O'CONNOR

_____
CHRISTOPHER C. FALLON, JR., ESQUIRE
200 Four Falls Corporate Center
Suite 400
West Conshohocken, PA 19428
215-665-2036
cfallon@cozen.com

LEGAL\30265820\1



May 10, 2017

**Desiree A. D'Antonio**
Direct Phone  215-665-2077
Direct Fax    215-701-2077
ddantonio@cozen.com

**VIA FEDERAL EXPRESS**

Clerk
Middle District of Pennsylvania
235 N. Washington Avenue
Scranton, PA 18503

**Re:   Pym v. Wang, et al.**

Dear Sir/Madam:

Enclosed please find the original and 2 copies of our Complaint, Certificate of Merit and our check in the amount of $400. Please note the Statute runs on May 13th. Please file and return a copy in the self-addressed stamped envelope.

Thank you.

Sincerely,

COZEN O'CONNOR

By: *Desiree A. D'Antonio*
Desiree A. D'Antonio
Paralegal to Christopher C. Fallon, Jr.

DAD

Enclosures

LEGAL\28557256\1


